RECEIPT NUMBER
519256

**ORIGINAL**

27

## UNITED STATES DISTRICT COURT
### IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

ALISA COPAS,

      Plaintiff

-vs-

EQUIFAX CREDIT INFORMATION SYSTEMS,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC,
GREAT LAKES HIGHER EDUCATION GUARANTY CORPORATION
SALLIE MAE,
DIVERSIFIED COLLECTION SERVICES, INC.,

      Defendants

```
JUDGE : Battani, Marianne O.
DECK  : S. Division Civil Deck
DATE  : 01/06/2005 @ 13:31:18
CASE NUMBER : 5:05CV60005
CMP ALISA COPAS V EQUIFAX CREDIT
INFO SYS INC ET AL (DH)
```

**JURY TRIAL DEMANDED**

MAGISTRATE JUDGE SCHEER

**Complaint & Jury Demand**
**Relating to the Identity Theft of Alisa Copas**

*Alisa Copas states the following claims for relief:*

### Introduction

1. The United States credit industry is rapidly moving towards replacing cash with a credit and debit card system which would electronically transact our financial affairs and track our every move. Smart cards, the financial information superhighway and complete absence of privacy appear to be in our future.

2. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* is designed to **protect consumers** from inaccurate or arbitrary information in a consumer report and to **establish credit reporting practices** that utilize accurate, relevant, and current information in a confidential and responsible manner.

3. The Fair Credit Reporting Act ("FCRA") sets forth duties and causes of action

1

against reporters, furnishers and users of credit information. 15 U.S.C. §§ 1681b, 1681c, 1681i, 1681n, 1681o, 1681s-2. Creditors who subscribe to the credit reporting agencies, like other furnishers and users of credit information, have a duty under the FCRA to update and correct information.

4.   Specifically, the FCRA limits access to credit reports and requires all entities involved in the credit reporting process to cooperate to maintain accurate and timely information. The failure to maintain such information as required by the statute, gives rise (when invoked by a consumer) to statutory duties to reinvestigate information that is incorrectly reported.

5.   The FCRA prohibits any furnisher-subscriber from furnishing information relating to a consumer to a credit reporting agency if the, "person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. §1681s-2(a)(1)(A). Moreover, once a subscriber has been notified that specific information is inaccurate and the information, in fact, turns out to be inaccurate, that information must be deleted and suppressed and cannot continue to be furnished. If the furnisher-subscriber determines that information it has reported is inaccurate or incomplete, the furnisher has a duty to notify, retract, and correct it's prior reportings to all agencies to whom it subscribes and to correct it's own internal records.

6.   The furnisher-subscriber is prohibited from re-reporting the false information. 15 U.S.C. § 1681s-2(a)(3). Furnishers who are notified by the credit reporting agencies have a duty to conduct an investigation within the reasonable delays with respect to the disputed data; review the information provided; report the results back to the

2

agencies; and if the data is inaccurate, report the results to all agencies to whom they subscribe and correct their internal records. 15 U.S.C. § 1681i; 15 U.S.C. § 1681s-2. Any dispute must be reported forward as a 'disputed matter' until resolved and either deleted, amended or left intact.

7.  The FCRA expressly provides consumers with a private cause of action; violations of 15 U.S.C. § 1681s-2 are enforceable and actionable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on whether the violation is willful or merely negligent.

## Parties

8.  Alisa Copas, resides in Bloomfield Hills, MI.

9.  Alisa Copas is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA") at §1681a(c).

10. The Defendants to this action are as follows:

  a.  Equifax Credit Information Systems ( **"Equifax"**) is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

  b.  Experian Information Solutions, Inc. ( **"Experian"**) is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

  c.  Trans Union, LLC ( **"Trans Union"**) is a credit reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

  d.  Great Lakes Higher Education Guaranty Corporation ( **"GLHE"**) is a furnisher of information as contemplated by the Fair Credit Reporting Act

3

("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

c.  Diversified Collection Services, Inc. ("**Diversified**"), is a debt collector as that term is defined in the FDCPA and a collection agency as that term is used in the Michigan Occupational Code.

## Jurisdiction

11.  This lawsuit, being brought pursuant to 15 U.S.C. 1681 *et seq*, presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq*. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

12.  Each of the claims in this case arises out of the theft of Ms. Copas's identity.

13.  The state law claims which are set forth in this complaint are logical predicates to liability under the federal claims stated below, and therefore all claims should be presented in a single case.

## General Factual Allegations

14.  On or about July 11, 2002, GLHE provided credit to an individual purporting to be Alisa Copas.

15.  The individual to whom GLHE provided credit was not – in fact – Alisa Copas, but rather an individual who had stolen the identity of Ms. Copas.

16.  At the time GLHE provided that credit, GLHE failed to verify the identity of that

4

individual and failed to use reasonable procedures to insure that credit was being extended to the individual identified on the account instead of an imposter.

17.   GLHE provided a student load disbursement to the individual identified as Alisa Copas.

18.   This account had been opened under an agreement which purported to obligate Ms. Copas to pay for the student loan.

19.   At the time GLHE accepted that purported agreement by Ms. Copas to be bound, GLHE knew or should have known the following:

  a.   That Ms. Copas had not actually agreed to be bound.

  b.   That GLHE had no authority to bind Ms. Copas to any agreement.

  c.   That the purported agreement was entered into without the knowledge or consent Ms. Copas.

  d.   That the putative agreement was a fraudulent endeavor to obtain credit using the good name and creditworthiness of Ms. Copas.

  e.   That fraudulent use of the good name and creditworthiness of Ms. Copas would ultimately injure Ms. Copas's ability to obtain credit in her own name.

20.   The individual who stole Ms. Copas's identity to obtain credit from GLHE has defaulted under the terms of the credit contract.

21.   The extension of credit to the individual purporting to be Ms. Copas and subsequent default was reported to each of the consumer reporting agencies as set forth below, Experian, Equifax, and Trans Union.

22.   That extension of credit was – in turn – reported on the consumer report of Ms.

5

Copas and wrongfully attributed to Ms. Copas as a direct and proximate result of GLHE's actions in negligently extending the credit to the imposter .

23.   Consequently, Ms. Copas's consumer report contained false, inaccurate, and misleading information relating to the initial extension of credit by GLHE as set forth below.

### Factual Allegations Relative to The Equifax Credit Report

24.   Ms. Copas obtained a copy of her consumer report ("the consumer report") which was published by Equifax Credit Information Systems.

25.   That consumer report contained the following trade-lines:

   a.   GLHE reported that I have a education loan with them that is more than 120 days past due relating to account number .

   b.   GLHE reported that I have an educational loan with them that is more than 120 days past due relating to account number .

   c.   Sallie Mae reported that I have a student loan that was sold or transferred to collections relating to account number .

26.   These trade-lines contained inaccurate credit information relating to Ms. Copas.

27.   Ms. Copas notified Equifax of the inaccurate trade-line and requested that Equifax reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

28.   Ms. Copas's request included sufficient information or documentation to provide actual notice that the trade-line was inaccurate..

29.   Equifax Credit Information Systems responded to this request from Ms. Copas by requesting verification of the trade-line by the entities which furnished the

6

information to Equifax Credit Information Systems.

30. GLHE responded to Ms. Copas's reinvestigation request by falsely verifying the trade-line.

31. The inaccurate trade-lines were maintained on Ms. Copas's consumer report based upon the furnishers false verification in response to the request for reinvestigation and Equifax's failure to conduct its own proper reinvestigation of the inaccurate trade-lines.

32. Ms. Copas has suffered damages as a result of the publication of this false credit information.

### Factual Allegations Relative to The Experian Credit Report

33. Ms. Copas obtained a copy of her consumer report ("the consumer report") which was published by Experian Information Solutions, Inc..

34. That consumer report contained the following trade-lines:

    a. GLHE reported that I have a educational loan that is more than 120 days past due relating to account number .

    b. GLHE reported that I have a educational loan that is more than 120 days past due relating to account number .

    c. Sallie Mae reported that I have a student loan that was transferred or sold to collections relating to account number .

35. These trade-lines contained inaccurate credit information relating to Ms. Copas.

36. Ms. Copas notified Experian of the inaccurate trade-line and requested that Experian reinvestigate and correct the information as envisioned by 15 U.S.C. §

7

1681i.

37. Ms. Copas's request included sufficient information or documentation to provide actual notice that the trade-line was inaccurate..

38. Experian Information Solutions, Inc. responded to this request from Ms. Copas by requesting verification of the trade-line by the entities which furnished the information to Experian Information Solutions, Inc..

39. GLHE responded to Ms. Copas's reinvestigation request by falsely verifying the trade-line.

40. The inaccurate trade-lines were maintained on Ms. Copas's consumer report based upon the furnishers false verification in response to the request for reinvestigation and Experian Information Solutions, Inc.'s failure to conduct its own proper reinvestigation of the inaccurate trade-lines.

41. Ms. Copas has suffered damages as a result of the publication of this false credit information.

### Factual Allegations Relative to The Trans Union Credit Report

42. Ms. Copas obtained a copy of her consumer report ("the consumer report") which was published by Trans Union, LLC.

43. That consumer report contained the following trade-lines:

    a. GLHE reported that I have a educational loan that is more than 120 days past due relating to account number .

    b. GLHE reported that I have a educational loan that is more than 120 days past due relating to account number .

8

c.   Sallie Mae reported that I have a student loan that was sold or transferred to collections relating to account number .

44.   These trade-lines contained inaccurate credit information relating to Ms. Copas.

45.   Ms. Copas notified Trans Union of the inaccurate trade-line and requested that Trans Union reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

46.   Ms. Copas's request included sufficient information or documentation to provide actual notice that the trade-line was inaccurate..

47.   Trans Union, LLC responded to this request from Ms. Copas by requesting verification of the trade-line by the entities which furnished the information to Trans Union, LLC.

48.   GLHE responded to Ms. Copas's reinvestigation request by falsely verifying the trade-line.

49.   The inaccurate trade-lines were maintained on Ms. Copas's consumer report based upon the furnishers false verification in response to the request for reinvestigation and Trans Union, LLC's failure to conduct its own proper reinvestigation of the inaccurate trade-lines.

50.   Ms. Copas has suffered damages as a result of the publication of this false credit information.

### COUNT II (Equifax) – FCRA, 15 U.S.C. § 1681i – Negligent Violation

51.   Ms. Copas incorporates the preceding allegations by reference.

52.   The fraudulent trade lines contained within Ms. Copas's Equifax consumer report

9

as published by Equifax rendered that consumer report inaccurate.

53.    Following receipt of that consumer report Ms.  Copas requested that Equifax reinvestigate those inaccurate trade-lines.

54.    Equifax negligently failed to put into place procedures under 15 U.S.C. § 1681i to properly reinvestigate consumer claims of inaccuracy in credit reports and report back to Ms. Copas the results of that reinvestigation.

55.    Equifax negligently failed to conduct a proper reinvestigation of the trade-lines in violation of the FCRA, 15 U.S.C. §§ 1681i and 1681(o) and report back to Ms. Copas the results of that reinvestigation.

56.    Ms. Copas suffered damages as a result of this violation of the FCRA by Equifax

### COUNT III (Equifax) – FCRA, 15 U.S.C. § 1681i – Wilful Violation

57.    Ms.  Copas incorporates the preceding allegations by reference.

58.    Equifax willfully failed to put into place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports and report back to Ms. Copas the results of that reinvestigation.

59.    Equifax willfully refused properly reinvestigate the inaccuracies in Ms.  Copas's credit report and report back to Ms. Copas the results of that reinvestigation.

60.    These actions set forth above constitute a willful violation of the FCRA, 15 U.S.C. §§ 1681i and 1681n.

61.    Ms. Copas suffered damages as a result this violation of the FCRA.

### COUNT IV (Experian) – FCRA, 15 U.S.C. § 1681i – Negligent Violation

62.    Ms.  Copas incorporates the preceding allegations by reference.

10

63.   The fraudulent trade lines contained within Ms. Copas's consumer report as published by Experian rendered that consumer report inaccurate.

64.   Following receipt of that consumer report Ms. Copas requested that Experian reinvestigate those inaccurate trade-lines.

65.   Experian negligently failed to put into place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports and report back to Ms. Copas the results of that reinvestigation.

66.   Experian negligently failed to conduct a proper reinvestigation of the trade-lines in violation of the FCRA, 15 U.S.C. §§ 1681i and 1681(o)and report back to Ms. Copas the results of that reinvestigation.

67.   Ms. Copas suffered damages as a result of this violation of the FCRA by Experian

68.   Experian's actions in violating the FCRA constituted negligent noncompliance with the FCRA in violation of 15 U.S.C. §1681o.

**COUNT V   (Experian) – FCRA, 15 U.S.C. § 1681i – Wilful Violation**

69.   Ms. Copas incorporates the preceding allegations by reference.

70.   Experian willfully failed to put into place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports and report back to Ms. Copas the results of that reinvestigation.

71.   Experian willfully refused properly reinvestigate the inaccuracies in Ms. Copas's credit report and report back to Ms. Copas the results of that reinvestigation.

72.   These actions set forth above constitute a willful violation of the FCRA, 15 U.S.C. §§ 1681i and 1681n.

11

73.   Ms. Copas suffered damages as a result this violation of the FCRA.

74.   Ms. Copas's is entitled to recover actual, statutory, and punitive damages as a result of this violation of the FCRA.

### COUNT VI (Trans Union) – FCRA, 15 U.S.C. § 1681i – Negligent Violation

75.   Ms. Copas incorporates the preceding allegations by reference.

76.   The trade lines contained within Ms. Copas's consumer report as published by Trans Union rendered that consumer report inaccurate.

77.   Following receipt of that consumer report Ms. Copas requested that Trans Union reinvestigate those inaccurate trade-lines.

78.   Trans Union negligently failed to put into place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports and report back to Ms. Copas the results of that reinvestigation.

79.   Trans Union negligently failed to conduct a proper reinvestigation of the trade-lines in violation of the FCRA, 15 U.S.C. §§ 1681i and 1681(o) and report back to Ms. Copas the results of that reinvestigation.

80.   Ms. Copas suffered damages as a result of this violation of the FCRA by Trans Union

81.   Trans Union's actions in violating the FCRA constituted negligent noncompliance with the FCRA, and entitles Ms. Copas to actual damages enumerated in 15 U.S.C. §1681o.

### COUNT VII   (Trans Union) – FCRA, 15 U.S.C. § 1681i – Wilful Violation

82.   Ms. Copas incorporates the preceding allegations by reference.

12

83. Trans Union willfully failed to put into place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports and report back to Ms. Copas the results of that reinvestigation.

84. Trans Union willfully refused properly reinvestigate the inaccuracies in Ms. Copas's credit report and report back to Ms. Copas the results of that reinvestigation.

85. These actions set forth above constitute a willful violation of the FCRA, 15 U.S.C. §§ 1681i and 1681n.

86. Ms. Copas suffered damages as a result this violation of the FCRA.

87. Ms. Copas's is entitled to recover actual, statutory, and punitive damages as a result of this violation of the FCRA.

**COUNT VIII – Fair Credit Reporting Act (GLHE) – Negligent Violation**

88. Ms. Copas incorporates the preceding allegations by reference.

89. GLHE negligently failed to conduct a proper reinvestigation of Ms. Copas's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

90. Ms. Copas has suffered damages as a result of this violation of the FCRA.

**COUNT IX (GLHE) – Fair Credit Reporting Act – Wilful Violation**

91. Ms. Copas incorporates the preceding allegations by reference.

92. GLHE willfully failed to put into place procedures to properly complete the reinvestigation of the inaccuracies in Ms. Copas's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

93. GLHE willfully refused to properly reinvestigate the inaccuracies in Ms. Copas's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

13

94.   Ms. Copas has suffered damages as a result of this violation of the FCRA.

### COUNT X – Michigan Collection Practices Act (GLHE)

95.   Ms. Copas incorporates the preceding allegations by reference.

96.   GLHE is a "regulated person" as that term is defined under the Michigan Collection Practices Act (MCPA), M.C.L. § 445.251 *et seq.*

97.   GLHE has attempted to collected the disputed account through the credit reporting system.

98.   GLHE has violated the MCPA, M.C.L. §445.251 *et seq.* by engaging in the prohibited acts including but not limited to, the following:

   a.   Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau, in violation of M.C.L. §445.252(a).

   b.   Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

   c.   Misrepresenting in a communication with a debtor 1 or more of the following in violation of M.C.L. §445.252(f).:

      i.   The legal status of a legal action being taken or threatened.

      ii.   The legal rights of the creditor or debtor.

14

    iii.    That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

    iv.    That accounts have been turned over to innocent purchasers for value.

99.    Ms. Copas has suffered damages as a result of these violations of the Collection Practices Act, M.C.L. § 445.251 *et seq.*

## COUNT XI – Michigan Collection Practices Act, Willful Violation (GLHE)

100.    Ms. Copas incorporates the preceding allegations by reference.

101.    The violations of the MCPA set forth above, by GLHE were willful.

102.    Ms. Copas has suffered damages as a result of these violations of the Collection Practices Act, M.C.L. § 445.251 *et seq.*

## COUNT XII – Special Request for Declaratory and Injunctive Relief under the Michigan Collection Practices Act (GLHE)

103.    Ms. Copas incorporates the preceding allegations by reference.

104.    GLHE has continued in its efforts to collect from Ms. Copas via the credit reporting system.

105.    Ms. Copas does not owe the money that GLHE claims is owed.

106.    It appears that GLHE is unwilling to cease its collection efforts and derogatory credit reportings without a court order commanding it to do so.

107.    GLHE's efforts to collect the amounts which are not justly due are in willful violation of Ms. Copas's right to be free of from unwarranted collection efforts and

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

interference with his personal credit affairs.

108.   Ms. Copas will continue to suffer harm to his credit reputation and ability to obtain credit as needed if the derogatory and false information from GLHE's claimed debt continues to appear on her consumer report.

109.   Ms. Copas will suffer irreparable annoyance, harassment, and harm to her reputation if the derogatory and false information continues to be published.

110.   The Michigan Collection Practices Act specifically prohibits regulated persons from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

111.   The Michigan Collection Practices specifically provides for declaratory and injunctive relief to a consumer.

112.   Ms. Copas requests that this Court issue its order declaring the relative rights of Ms. Copas and GLHE with respect to the disputed account which continues to appear on Ms. Copas's consumer report.

## COUNT XIII – Fair Credit Reporting Act (Sallie Mae) – Negligent Violation

113.   Ms. Copas incorporates the preceding allegations by reference.

114.   Sallie Mae negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

115.   Sallie Mae negligently failed to conduct a proper reinvestigation of Ms. Copas's credit

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

116.   Ms. Copas has suffered damages as a result of this violation of the FCRA.

### COUNT XIV (Sallie Mae) – Fair Credit Reporting Act – Wilful Violation

117.   Ms. Copas incorporates the preceding allegations by reference.

118.   Sallie Mae willfully failed to put into place procedures to properly complete the reinvestigation of the inaccuracies in Ms. Copas's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

119.   Sallie Mae willfully refused to properly reinvestigate the inaccuracies in Ms. Copas's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

120.   Ms. Copas has suffered damages as a result of this violation of the FCRA.

### COUNT XV – Michigan Collection Practices Act (Sallie Mae)

121.   Ms. Copas incorporates the preceding allegations by reference.

122.   Sallie Mae is a "regulated person" as that term is defined under the Michigan Collection Practices Act (MCPA), M.C.L. § 445.251 *et seq.*

123.   Sallie Mae has attempted to collected the disputed account through the credit reporting system.

124.   Sallie Mae has violated the MCPA, M.C.L. §445.251 *et seq.* by engaging in the prohibited acts including but not limited to, the following:

    a.   Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau, in violation of M.C.L.

17

§445.252(a).

b.    Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

c.    Misrepresenting in a communication with a debtor 1 or more of the following in violation of M.C.L. §445.252(f).:

　　　　i.    The legal status of a legal action being taken or threatened.

　　　　ii.   The legal rights of the creditor or debtor.

　　　　iii.  That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

　　　　iv.   That accounts have been turned over to innocent purchasers for value.

125.   Ms. Copas has  suffered damages as a result of these violations of the  Collection Practices Act, M.C.L. § 445.251 *et seq.*

## COUNT XVI  -- Michigan Collection Practices Act, Willful Violation (Sallie Mae)

126.   Ms.  Copas incorporates the preceding allegations by reference.

127.   The violations of the MCPA set forth above, by Sallie Mae were willful.

128.   Ms. Copas has  suffered damages as a result of these violations of the  Collection Practices Act, M.C.L. § 445.251 *et seq.*

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

## COUNT XVII – Special Request for Declaratory and Injunctive Relief under the Michigan Collection Practices Act (Sallie Mae)

129. Ms. Copas incorporates the preceding allegations by reference.

130. Sallie Mae has continued in its efforts to collect from Ms. Copas via the credit reporting system.

131. Ms. Copas does not owe the money that Sallie Mae claims is owed.

132. It appears that Sallie Mae is unwilling to cease its collection efforts and derogatory credit reportings without a court order commanding it to do so.

133. Sallie Mae's efforts to collect the amounts which are not justly due are in willful violation of Ms. Copas's right to be free of from unwarranted collection efforts and interference with his personal credit affairs.

134. Ms. Copas will continue to suffer harm to his credit reputation and ability to obtain credit as needed if the derogatory and false information from Sallie Mae's claimed debt continues to appear on her consumer report.

135. Ms. Copas will suffer irreparable annoyance, harassment, and harm to her reputation if the derogatory and false information continues to be published.

136. The Michigan Collection Practices Act specifically prohibits regulated persons from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

137. The Michigan Collection Practices specifically provides for declaratory and

19

injunctive relief to a consumer.

138.    Ms. Copas requests that this Court issue its order declaring the relative rights of Ms. Copas and Sallie Mae with respect to the disputed account which continues to appear on Ms. Copas's consumer report.

## COUNT XVIII – Fair Credit Reporting Act (Diversified) – Negligent Violation

139.    Ms. Copas incorporates the preceding allegations by reference.

140.    Diversified negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

141.    Diversified negligently failed to conduct a proper reinvestigation of Ms. Copas's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

142.    Ms. Copas has suffered damages as a result of this violation of the FCRA.

## COUNT XIX (Diversified) – Fair Credit Reporting Act – Wilful Violation

143.    Ms. Copas incorporates the preceding allegations by reference.

144.    Diversified willfully failed to put into place procedures to properly complete the reinvestigation of the inaccuracies in Ms. Copas's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

145.    Diversified willfully refused to properly reinvestigate the inaccuracies in Ms. Copas's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

146.    Ms. Copas has suffered damages as a result of this violation of the FCRA.

## COUNT XX (Diversified) – Fair Debt Collection Practices Act

147.    Ms. Copas incorporates the preceding allegations by reference.

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

148.   Diversified has engaged in violations of the FDCPA including, but not limited to the following:

a.   Diversified used generally false, misleading or unfair methods to collect the debt., in violation of the general prohibitions in 15 U.S.C. §1692e.

b.   Diversified made a false representation of-- (A) the character, amount, or legal status of the debt; or (B) any services rendered or compensation which may be lawfully received by Diversified for the collection of the debt, in violation of 15 U.S.C. §1692e(2).

c.   Diversified used unfair or unconscionable means to collect or attempt to collect the debt, in violation of the general prohibition in 15 U.S.C. 1692(f).

d.   Diversified collected an amount without express authorization under the agreement creating the debt or other statutory authority.

e.   Diversified took or threatened to take any nonjudicial action to effect dispossession or disablement of property if--

   i.   (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest;

   ii.   (B)   there is no present intention to take possession of the property; or

   iii.   (C)   the property is exempt by law from such dispossession or disablement.

149.   As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and

21

attorney's fees.

## COUNT XXI – Michigan Occupational Code (Diversified)

150.   Ms. Copas incorporates the preceding allegations by reference.

151.   Diversified Collection Services, Inc. is a "collection agency" as that term is defined in M.C.L. §339.901(b).

152.   Ms. Copas is a debtor as that term is defined in M.C.L. §339.901(f).

153.   Diversified Collection Services, Inc. 's foregoing acts in attempting to collect this alleged debt against Ms. Copas constitute violations of the Occupational Code, M.C.L. § 339.915 including but not limited to the following:

    a.   Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or the stationery of a credit bureau unless it is disclosed that it is the collection department of the credit bureau in violation of M.C.L. § 339.915(a).

    b.   Misrepresenting in a communication with a debtor any of the following:(i) The legal status of a legal action being taken or threatened. (ii) The legal rights of the creditor or debtor. (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property. (iv) That accounts have been turned over to innocent purchasers for value in violation of M.C.L. § 339.915(e).

154.   Ms. Copas has suffered damages as a result of these violations of the Michigan Occupational Code by Diversified Collection Services, Inc.

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

### COUNT XXII  -- Michigan Collection Practices Act, Willful Violation (Diversified)

155.  Ms.  Copas incorporates the preceding allegations by reference.

156.  The violations of the MOC set forth above, by Dioversified Mae were willful.

157.  Ms. Copas has  suffered damages as a result of these violations of the Michigan Occupational Code, M.C.L. § 339.901 *et seq.*

158.  These violations of the Michigan Occupational Code by Diversified Collection Services, Inc. were willful.

159.  Ms.  Copas has been harmed by these actions of Diversified.

### COUNT XXIII  – Special Request for Declaratory and Injunctive Relief under the Michigan Occupational Code (Diversified)

160.  Ms.  Copas incorporates the preceding allegations by reference.

161.  Diversified has continued in its efforts to collect from Ms.  Copas via the credit reporting system and various dunning letters.

162.  Ms.  Copas does not owe the money that Diversified claims is owed.

163.  It appears that Diversified is unwilling to cease its collection efforts and derogatory credit reportings without a court order commanding it to do so.

164.  Diversified's efforts to collect the amounts which are not justly due are in willful violation of Ms.  Copas's right to be free of from unwarranted collection efforts and interference with his personal credit affairs.

165.  Ms.  Copas will continue to suffer harm to his credit reputation and ability to obtain credit as needed if the derogatory and false information from Diversified's claimed debt continues to appear on her consumer report.

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

166. Ms. Copas will suffer irreparable annoyance, harassment, and harm to her reputation if the derogatory and false information continues to be published.

167. The Michigan Collection Practices Act specifically prohibits regulated persons from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. §445.252(e).

168. The Michigan Collection Practices specifically provides for declaratory and injunctive relief to a consumer.

169. Ms. Copas requests that this Court issue its order declaring the relative rights of Ms. Copas and Diversified with respect to the disputed account which continues to appear on Ms. Copas's consumer report.

### Jury Demand

170. Ms. Copas demands trial by jury.

### Request For Relief

171. *ACCORDINGLY respectfully Ms. Copas requests that the Court Grant any or all of the following relief:*

    a.    *Actual damages.*

    b.    *Statutory damages.*

    c.    *Exemplary damages*

    d.    *Punitive damages.*

    e.    *Costs provided for by statute or court rule.*

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

f.      *Statutory attorney fees.*

g.      *Declaratory and injunctive relief establishing that she does not owe the debt in question.*

<div style="margin-left:40%;">

Respectfully Submitted,

LYNGKLIP & TAUB
CONSUMER LAW GROUP, PLC

By: _____
Ian B. Lyngklip P47173
Attorney For Alisa Copas
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 746-3790
IanLaw@Pop.Net

</div>

Dated: January 6, 2005

*Lyngklip & Taub Consumer Law Group, PLC*
*24500 Northwestern Highway, Suite 206, Southfield, MI 48075*

JS 44 11/99          **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Oakland

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

Alisa Copas
c/o Ian B. Lyngklip

**DEFENDANTS**   05 - 60005

Equifax Credit Information Systems, Inc., Experian Information Solutions, Inc., Trans Union, LLC, Great Lakes Higher Education Guaranty Corporation, Sallie Mae and Diversified Collection Services, Inc.

(b) County of Residence of First Listed        Oakland

County of Residence of First Listed
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Ian B. Lyngklip, Lyngklip & Taub Consumer Law Group
24500 Northwestern Hwy., Ste. 206
Southfield, MI 48075 (248) 746-3490

Attorneys (If Known)

JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment and Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel And Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21; 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 (specify)
Transferred from another district
☐ 6 Multi district Litigation
☐ 7 Appeal to District Judge from Magistrate

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff brings this cause of action for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$ DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See Instructions):

JUDGE

DOCKET NUMBER

DATE    1/6/05

SIGNATURE OF ATTORNEY OF RECORD

# PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

☐ Yes
☒ No

2.         Other than stated above, are there any pending or previously
           discontinued or dismissed companion cases in this or any other
           court, including state court? (Companion cases are matters in which
           it appears substantially similar evidence will be offered or the same
           or related parties are present and the cases arise out of the same
           transaction or occurrence.)

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

☐ Yes
☒ No

Notes :